**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **URIEL PALACIOS,** | ) | |
|     **ID # 1670095,** | ) | |
|         Movant, | ) | No. 3:12-CV-0788-D-BH |
| vs. | ) | No. 3:08-CR-0267-D (4) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | Referred to U.S. Magistrate Judge |
|         Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody*, filed March 15, 2012 (doc. 1), should be **DENIED** with prejudice.

**I. BACKGROUND**

Uriel Palacios(Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-267-D. The respondent is the United States of America (Government).

**A.**     <u>**Plea and Sentencing**</u>

Movant was charged by indictment with: 1) conspiracy to possess with intent to distribute and distribution of more than five kilograms of cocaine in violation of 21 U.S.C. § 846 (count one); and 2) money laundering in violation of 18 U.S.C. § 1956 (count two). (*See* Indictment). On June 16, 2009, he pled guilty without a plea agreement. (*See* doc. 624).[1] He also signed a factual resume admitting facts sufficient to support his plea. (*See* doc. 417).

The probation office prepared a pre-sentence report (PSR) that calculated 185.232 kilograms of cocaine as the drug amount to be used for guideline computation purposes. This number was

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

calculated by adding 70 kilograms of cocaine delivered by movant to money seizures of $1,299,910 and $1,004,850 in May 2008 (as converted to cocaine based on a price of $20,000 per kilogram). (PSR at ¶ 52). Because the amount totaled more than 150 kilograms, his base offense level was calculated to be 38. *Id*. at ¶ 60. After receiving a two-level enhancement for the money laundering conviction and a two-level adjustment for acceptance of responsibility, movant's offense level remained at 38. *Id*. at ¶¶ 61, 65, 66. The PSR further assessed 13 criminal history points, based on movant's previous convictions for DWI, evading arrest, failure to identify, unlawful possession of a weapon, and driving with a suspended license, and the commission of offenses less than two years after his release from imprisonment. *Id*. at ¶¶ 68, 69, 72-78. Based on a criminal history level of VI and a total offense level of 38, the sentencing guideline range was determined to be 360 months to life for count one and 240 months for count two. *Id*. at ¶ 99.

After the government objected to the amount of drugs for which movant was held accountable and provided information regarding his involvement in an additional delivery of drug proceeds, the probation officer re-calculated the drug amount as 282.222. Movant's attorney also made numerous objections to the PSR. Based on one objection, the probation officer lowered the attributed drug amount by one 50-kilograms delivery to 232.222 to avoid any danger of double-counting based on the movant being held accountable for a third delivery of cash drug proceeds. Based on a second objection, the officer lowered movant's criminal history level to V, with a criminal history score of 11. None of these changes affected the ultimate offense level of 38. (*See* Addendum to PSR at ¶¶ 52, 53, 72, 78 and Second Addendum to PSR at ¶¶ 52, 60).

The sentencing hearing was held on November 20, 2009. In overruling the defense's remaining objections, the Court noted that even if the remaining 20 kilograms of cocaine that

2

movant was observed delivering were eliminated from the calculation of the drug amount for purposes of calculating the sentencing guideline range, he was being held accountable for three cash seizures. When converted into cocaine, the seizures equaled an amount over 150 kilograms of cocaine, which resulted in the same sentencing guideline of 360 months to life. (doc. 625 at 9-15) The Court adopted the PSR and addenda and sentenced movant to 360 months' imprisonment on count one, and 240 months on count two, to be served concurrently with each other but consecutively to any sentence in his pending state charges, to be followed by five years supervised release, and it entered judgment. (*See* Judgment, doc. 548).

Movant appealed his sentence on the basis that the Court had erred with regard to the sentencing guidelines in several respects. The Fifth Circuit affirmed his conviction and sentence on November 19, 2010. *United States v. Palacios*, 402 Fed. App'x 893 (5th Cir. Nov. 19, 2010). Movant's petition for writ of certiorari was denied by the Supreme Court. *Palacios v. United States*, 131 S.Ct. 1714 (Mar. 21, 2011).

**B.     Substantive Claims**

Movant claims that trial counsel was ineffective for: 1) failing to object to the PSR on the basis that the government had insufficient evidence to attribute to movant two cash seizures that occurred on May 8, 20008, and May 28, 2008; and 2) failing to object to the assessment of two criminal history points for a failure to identify conviction, where movant failed to identify himself to avoid detection for another outstanding warrant. (Mot. at 7). Movant further asserts that appellate counsel was ineffective for failing to raise these claims of ineffective assistance of trial counsel on direct appeal. *Id*. at 7-8. The government filed a response on May 14, 2012. (*See* Resp. Opp'n Mot. ("Resp.")). Movant did not file a reply brief.

3

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims that his trial attorney provided ineffective assistance of counsel by failing to object to the PSR on grounds that there was insufficient evidence to attribute May 2008 cash seizures to him and by failing to object to the assessment of two criminal history points for a failure to identify conviction.

4

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that

5

"conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.     Cash Seizures**

Movant first asserts that his attorney was ineffective for failing to object to the PSR because the total drug quantity attributed to movant included the cash seized in May 2008. The PSR set out the investigation of a drug ring in which movant was determined to be responsible for unloading and distributing shipments of cocaine, collecting currency, and loading the currency shipments for transport. This evidence included a co-defendant's statement that movant assisted in unloading cocaine shipments from Mexico and picked up money for them, agents' observations of movant delivering two different shipments of cocaine, and intercepted calls in which movant and the head of the organization discussed duct tape, locks, suitcases, the money courier, the arrival of a truck in Dallas, and movant's transportation of suitcases to a stash house. (PSR at ¶¶ 12, 33, 46-41). The PSR states that federal agents observed movant drive up beside a tractor trailer in a truck yard on May 8, 2008, and a subsequent stop of the truck in Austin, Texas, resulted in the discovery of $1,299,910 concealed in a large suitcase. On May 28, 2008, agents saw movant drive into this same truck yard shortly before a tractor trailer arrived, and a subsequent search of the truck after it left the yard uncovered $1,004,850. *Id.* at 44-45. An addendum to the PSR sets forth the evidence supporting movant's involvement in a third cash transfer in the truck yard and the subsequent seizure of that cash by authorities on July 23, 2008. (Addendum to PSR, ¶¶ 46a, 52).

Movant appears to concede in his § 2255 motion and brief that he knew that the suitcases seized in May 2008, contained drug proceeds, but he asserts that he should not have been held accountable for the full amounts because "he was unaware of the exact amount of cash proceeds"

and he did not admit to any quantity of money in the Factual Resume. (Brief at 3-4). He also argues that he should not be held accountable for these cash seizures because the government failed to prove that the trucks did not already contain the money before he met with the drivers or that the money was not added after the trucks left Dallas. (Brief at 4). Movant claims that his attorney was ineffective for failing to object on this basis.

      A PSR generally "bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines", *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). While "a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, the court can adopt facts contained in a PSR without inquiry, if those facts ha[ve] an adequate evidentiary basis and the defendant does not present rebuttal evidence." *Id.* (quoting *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)). Furthermore, "[a] defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'" *Id.* (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)).

      Movant has pointed to no competent available rebuttal evidence that his attorney could have presented to contradict the evidence contained in the PSR. He cites on cases in which there either was no specific evidence set forth in the PSR to support the drug amounts for which a defendant was held accountable, or there was evidence in the record to contradict that set forth in the PSR. Here, he admitted in his Factual Resume that he was a member of a drug trafficking and money laundering operation, that he delivered cocaine for the organization, that he received large quantities of cash drug proceeds, and that he was involved in helping ship these proceeds to Mexico. (doc. 417).

7

Movant's general denial of the exact amount of cash proceeds shipped, or his unsupported allegation that the money could have been there before or after his involvement does not demonstrate that the information in the PSR was materially untrue, inaccurate or unreliable. Counsel was therefore not ineffective for failing to make an objection on this basis.

**B.  Criminal History Points**

Movant further alleges that his attorney failed to object to two criminal history points for a 2005 misdemeanor conviction for failing to identity himself to a police officer. He claims that he lied to an officer about his identity because there was a warrant out for his arrest based on a motion to revoke his probation for a previous evading arrest conviction. These two convictions are related, he argues, so he should not have received points for both. (Brief at 13-14).

First, while counsel did not make this objection, movant raised this issue at his sentencing hearing. The Court specifically overruled any objection on this basis. (doc. 625 at 17). Movant has therefore not established any prejudice from counsel's failure to make this objection; he has not shown a reasonable probability that his sentence would have been less harsh if counsel had made the same objection. Second, the Fifth Circuit has held that a failure-to-identify conviction is not a related offense for purpose of calculating a defendant's criminal history where it occurred on a separate date, in a different location, and was not an identical offense. *See United States v. Gonzalez-Renteria*, 145 Fed. App'x 945, 946 (5th Cir. Aug. 18, 2005). Counsel was therefore not ineffective for failing to object on this basis. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). Movant's claims of ineffective assistance of trial counsel should be denied.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel was ineffective for failing to raise these same claims regarding the alleged ineffectiveness of trial counsel on direct appeal.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

The Fifth Circuit has stated that "the general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegation.

9

*United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006), *quoting United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Appellate counsel cannot be considered ineffective for failing to raise ineffective assistance of counsel claims when the Fifth Circuit has, as a general rule, specifically declined to address such claims on direct appeal. Furthermore, the claims have now been addressed in movant's collateral challenge to his sentence and been found to be without merit. Appellate counsel was not ineffective, and this ground for relief should be denied. *See Blanton v. Quarterman*, 543 F.3d 230, 245 (5th Cir. 2008) (holding that to show prejudice from a failure to raise an issue on appeal, movant must show a reasonable probability "that the outcome on appeal would have changed" but for the deficiency of counsel).

## V. EVIDENTIARY HEARING

Based on the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** this 5th day of March, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE